**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Katherine Christensen, ) | No. CV-10-2143-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Chevy Chase Bank, et al., ) |  |
| Defendants. ) |  |

The court has before it plaintiff Katherine Christensen's motion to remand to state court (doc. 14), and defendants' response (doc. 18). Plaintiff did not file a reply. We also have defendants' motion to dismiss the first amended complaint (doc. 16), plaintiff's response (doc. 20), defendants' reply (doc. 21), and defendant Cal-Western Reconveyance Corporation's motion to join the motion to dismiss (doc. 19). For the reasons explained below, we grant plaintiff's motion to remand.

This action was originally filed in the Superior Court of Arizona in Gila County against defendants Chevy Chase Bank FSB, Mortgage Electronic Registration System, Inc., and Cal-Western Reconveyance Corporation. Plaintiff filed a First Amended Complaint, asserting four causes of action: (1) wrongful foreclosure; (2) to quiet title, set aside the trustee sale, and void the trustee deed; (3) breach of contract and the implied covenant of

good faith and fair dealing; and (4) unjust enrichment. Plaintiff added U.S. Bank NA and Specialized Loan Servicing, LLC as defendants, and defendants then removed the action to federal court, pursuant to 28 U.S.C. § 1441(a). Plaintiff moves to remand on the grounds that we do not have subject matter jurisdiction, questions of state law predominate, the statute of limitations for removal has expired, and defendants' removal of this action was in bad faith.

Plaintiff argues that we lack federal question jurisdiction, as she has not requested any relief under federal law. See 28 U.S.C. § 1331. We have jurisdiction where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacations Trust, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856 (1983). Jurisdiction exists only where a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). The removal statute is strictly construed, and defendants bear the burden of establishing that removal is proper. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) (citing Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002)).

We first consider whether plaintiff asserts a federal cause of action. As part of her cause of action for wrongful disclosure, plaintiff alleges that defendants violated the Real Estate Settlement Procedures Act ("RESPA"). Complaint, ¶¶ 45–46. Plaintiff alleges that she sent a Debt Validation Letter and five "qualified written requests," and that she never received a response. See Complaint, ¶¶ 21, 24, 25. A qualified written request is a form of correspondence created by RESPA which requires a servicer to answer a borrower's questions about the servicing of his loan. See 12 U.S.C. § 2605(e). Plaintiff alleges, "Chevy Chase Bank chose to ignore each and all of Plaintiff's QWRs despite that fact that it was obligated to respond under 12 U.S.C. 2605, *et seq*." Complaint at ¶ 46.

Plaintiff argues that she does not assert a claim under RESPA, and we agree that these allegations do not constitute a well-pled federal cause of action. RESPA does create a private right of action that allows borrowers to seek damages for the result of servicers'

- 2 -

1  failures under the Act, and up to an additional $1,000 in damages in the case of a pattern of
2  noncompliance. See 12 U.S.C. § 2605(f). However, plaintiff does not cite the private right
3  of action provision of RESPA, nor does she make any allegations about losses that resulted
4  from defendants' breach of their duties under RESPA, as required to state a claim.

5  Plaintiff also alleges she sent defendant Chevy Chase Bank a "Notice of Fault and
6  Opportunity to Cure and Perform in re Request for Debt Validation Pursuant to Fair Debt
7  Collection Practices Act 15 U.S.C.," and that defendant never responded. Complaint, ¶¶ 22,
8  25. This is apparently an allegation that defendants violated the validation of debt provisions
9  of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g. The FDCPA also
10 creates a private cause of action. See 15 U.S.C. § 1692k. However, again, plaintiff does not
11 explicitly reference this provision of FDCPA. She also does not allege actual damages that
12 resulted from defendants' failure to comply with the Act, nor that the violation was
13 intentional. Plaintiff has not asserted a cause of action under FDCPA, and therefore, no
14 federal claim appears on the face of plaintiff's complaint.

15 We may still have jurisdiction over plaintiff's action if federal issues are embedded
16 in her state law claims. We have jurisdiction only if plaintiff's claims "necessarily raise a
17 stated federal issue, actually disputed and substantial, which a federal forum may entertain
18 without disturbing any congressionally approved balance of federal and state judicial
19 responsibilities." Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545
20 U.S. 308, 314, 125 S.Ct. 2363, 2368 (2005).

21 Defendants contend that RESPA is the basis for plaintiff's causes of action for
22 wrongful foreclosure and unjust enrichment. In her claim for wrongful foreclosure, plaintiff
23 asserts a subclaim for "failure to respond and identify true party in interest." Complaint, ¶¶
24 45–51. As part of this claim, plaintiff alleges that defendant "Chevy Chase Bank chose to
25 ignore each and all of Plaintiff's QWRs despite that fact that it was obligated to respond
26 under 12 U.S.C. 2605, *et seq*." Complaint, ¶ 46. QWRs are a creation of federal law.
27 However, "the mere presence of a federal issue in a state cause of action does not
28 automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals Inc. v.

1 Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 3235 (1986).  Additionally, plaintiff makes
2 allegations about a violation of Arizona law as part of the same subclaim.  Complaint, ¶ 49.
3 While the legal basis of plaintiff's cause of action for a "failure to respond" is not clear,
4 defendants have not shown that the claim states a substantial federal issue under RESPA or
5 any other federal law, which would indicate "a serious federal interest in claiming the
6 advantages thought to be inherent in a federal forum."  Grable, 545 U.S. at 313, 125 S.Ct. at
7 2367.

8       Defendants also argue that plaintiff's unjust enrichment claim is based on alleged
9 violations of federal law.  Plaintiff alleges that by defendants' "wrongful acts and omissions
10 described herein and resulting in the fraudulent trustee sale, the defendants have been
11 unjustly enriched at the expense of Plaintiff, and thus Plaintiff has been deprived of her
12 Property."  Complaint, ¶ 99.  To state a claim for unjust enrichment in Arizona, plaintiff must
13 show: "(1) an enrichment, (2) an impoverishment, (3) a connection between the two, (4) the
14 absence of justification for the enrichment and impoverishment and (5) the absence of any
15 remedy at law."  Mousa v. Saba, 222 Ariz. 581, 588, 218 P.3d 1038, 1045 (App. 2009).  The
16 "wrongful acts and omissions" may be in reference to plaintiff's allegations under RESPA
17 and FDCPA, and these federal law issues could be relevant in proving one or more of the
18 elements of unjust enrichment.  But this is not sufficient to demonstrate that the claim turns
19 on a substantial and disputed issue of federal law.  The references to federal law seem to be
20 in illustration of defendants' allegedly unlawful conduct, and are not essential to the
21 resolution of plaintiff's state law claim.

22       Plaintiff does not assert any causes of action arising under federal law, and her state
23 law claims do not depend on a substantial issue of federal law, which could implicate the
24 advantages of a federal forum.  Accordingly, we do not have subject matter jurisdiction over
25 plaintiff's claims.

26       Therefore, **IT IS ORDERED GRANTING** plaintiff's motion to remand (doc. 14).
27 **IT IS FURTHER ORDERED REMANDING** Christensen v. Chevy Chase Bank, et al., CV
28 10-2143-PHX-FJM to the Superior Court of Arizona in Gila County.  **IT IS FURTHER**

1  **ORDERED DENYING** defendants' motion to dismiss (doc. 16) and motion to join (doc.
2  19) as moot.
3       DATED this 13th day of December, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge